IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SOROLA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. |
| LONG JOHN SILVER'S, LLC and ) | |
| LJ REMAINDER LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, SOROLA BROWN, by and through the undersigned counsel, and files this, her Complaint against Defendants, LONG JOHN SILVER'S, LLC and LJ REMAINDER LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff SOROLA BROWN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing,

1

grabbing, grasping and/or pinching.

5.     Plaintiff uses a wheelchair for mobility purposes.

6.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.     Defendant, LONG JOHN SILVER'S, LLC (hereinafter "LONG JOHN SILVER'S, LLC") is a foreign limited liability company that transacts business in the State of Texas and within this judicial district.

8.     Defendant, LONG JOHN SILVER'S, LLC, may be properly served with process via its registered agent for service, to wit:  CT Corporation System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, TX  75201.

9.     Defendant, LJ REMAINDER LLC, (hereinafter "LJ REMAINDER LLC") is a foreign limited liability company that transacts business in the State of Texas and within this judicial district.

10.     Defendant, LJ REMAINDER LLC, may be properly served with process via its registered agent for service, to wit:  Corporation Service Company, Registered Agent, 211 E. 7th Street, Suite 620, Austin, TX  78701.

## FACTUAL ALLEGATIONS

11.     On or about March 13, 2019, Plaintiff was a customer at "Long John Silvers," a business located at 2009 Magnum Road, Houston, TX  77092, referenced herein as the "Long John Silvers."

12.     Defendant, LONG JOHN SILVER'S, LLC, is the lessee or sub-lessee of the real property and improvements that Long John Silvers is situated upon and that is the subject of this action.

13.     Defendant, LJ REMAINDER LLC, is the owner or co-owner of the real property and improvements that Long John Silvers is situated upon and that is the subject of this action, referenced herein as the "the Property."

14.     Plaintiff lives 11 miles from Long John Silvers and the Property.

15.     Plaintiff's access to the business(es) located at 2009 Magnum Road, Houston, TX 77092, Harris County Property Appraiser's parcel number 0641870000110 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, LONG JOHN SILVER'S, LLC and LJ REMAINDER LLC, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Long John Silvers and the Property, including those set forth in this Complaint.

16.     Plaintiff has visited Long John Silvers and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Long John Silvers and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Long John Silvers and the Property are accessible again.  The purpose of the

3

revisit is to be a regular customer, to determine if and when Long John Silvers and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17. Plaintiff intends on revisiting Long John Silvers and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18. Plaintiff travelled to Long John Silvers and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Long John Silvers and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Long John Silvers and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

20. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)      individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.      Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)      provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

         * * * * *

(iv)      invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

23.      The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.      Long John Silvers is a public accommodation and service establishment.

25.     The Property is a public accommodation and service establishment.

26.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.     Long John Silvers must be, but is not, in compliance with the ADA and ADAAG.

29.     The Property must be, but is not, in compliance with the ADA and ADAAG.

30.      Plaintiff has attempted to, and has to the extent possible, accessed Long John Silvers and the Property in her capacity as a customer at  Long John Silvers and the Property as well as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Long John Silvers and the Property that preclude and/or limit her access to Long John Silvers and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Plaintiff intends to visit Long John Silvers and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Long John Silvers and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Long John Silvers and the Property that preclude and/or limit her access to Long John Silvers and the

6

Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Defendants, LONG JOHN SILVER'S, LLC and LJ REMAINDER LLC, have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Long John Silvers and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33.     Defendants, LONG JOHN SILVER'S, LLC and LJ REMAINDER LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, LONG JOHN SILVER'S, LLC and LJ REMAINDER LLC, are compelled to remove all physical barriers that exist at Long John Silvers and the Property, including those specifically set forth herein, and make Long John Silvers and the Property accessible to and usable by Plaintiff and other persons with disabilities.

34.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Long John Silvers and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Long John Silvers and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     The access aisle adjacent to the accessible parking space has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level.

7

This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)     The access aisle has excessive vertical rise and is in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)    The accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iv)     There is an excessive vertical rise at the base of the accessible ramp in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(v)      The landing at the top of the accessible ramp did not have 36 (thirty-six) inch clear space in violation of Section 406.4 of the 2010 ADAAG standards.  This violation made it difficult and dangerous for Plaintiff to access the Property.

(vi)     Leading from the access aisle, the accessible route requires a disabled patron to turn, yet does not provide a level turning space in violation of section 304.2 of the 2010 ADAAG standards.   This violation made it difficult and dangerous for Plaintiff to access the interior of the restaurant.

(vii)    The accessible ramp leading from the accessible parking space to the accessible entrances has a rise greater than 6 (six) inches but does not have handrails complying with Section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

8

(viii)   The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(ix)   The accessible parking spaces are missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(x)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(i)   Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii)   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)   The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)   The door exiting the restroom lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent sink, in violation of

Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Long John Silvers and the Property.

36.     Plaintiff requires an inspection of Long John Silvers and the Property in order to determine all of the discriminatory conditions present at Long John Silvers and the Property in violation of the ADA.

37.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.      All of the violations alleged herein are readily achievable to modify to bring Long John Silvers and the Property into compliance with the ADA.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Long John Silvers and the Property is readily achievable because the nature and cost of the modifications are relatively low.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Long John Silvers and the Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

41.     Upon information and good faith belief, Long John Silvers and the Property has been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with

the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, LONG JOHN SILVER'S, LLC and LJ REMAINDER LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Long John Silvers and the Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, LONG JOHN SILVER'S, LLC and LJ REMAINDER LLC.

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, LONG JOHN SILVER'S, LLC and LJ REMAINDER LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, LONG JOHN SILVER'S, LLC and LJ REMAINDER LLC, to modify Long John Silvers and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, LONG JOHN SILVER'S, LLC, in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, LJ REMAINDER LLC, in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, LONG JOHN SILVER'S, LLC and LJ REMAINDER LLC, from continuing their

11

discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, LONG JOHN SILVER'S,
        LLC and LJ REMAINDER LLC, to (i) remove the physical barriers to access and
        (ii) alter Long John Silvers and the Property to make it readily accessible to and
        useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses
        and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the
        circumstances.

Dated: March 19, 2019.          Respectfully submitted,

                                /s/  Douglas S. Schapiro
                                Douglas S. Schapiro
                                *Attorney-in-Charge for Plaintiff*
                                Southern District of Texas ID No. 3182479
                                The Schapiro Law Group, P.L
                                7301-A W. Palmetto Park Rd., #100A
                                Boca Raton, FL 33433
                                Tel: (561) 807-7388
                                Email: schapiro@schapirolawgroup.com